UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RENE GARCIA,

        Petitioner,

  v.                             Case No.: 2:26-cv-00042-SPC-DNF

GARRETT RIPA *et al.*,

        Respondents,
_____/

## OPINION AND ORDER

Before the Court are Rene Garcia's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Garcia's reply (Doc. 7). For the below reasons, the Court grants the petition.

Rene Garcia is a native and citizen of El Salvador who entered the country without inspection at the age of 14 in February 2009. Garcia has a work authorization and pending application for asylum and withholding of removal, and the government dismissed a prior removal proceeding against him in 2020. Garcia has three U.S. citizen children, and he operates a painting company to provide for his family. On November 16, 2025, law enforcement arrested Garcia after a traffic stop, though they did not charge him with any traffic infractions or otherwise explain the reason for the stop. The Department of Homeland Security ("DHS") took custody of Garcia, transferred him to Glades County Detention Center, and commenced new removal

proceedings against him. Immigration and Customs Enforcement ("ICE") determined Garcia is not entitled to a bond hearing.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Garcia. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Garcia asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in prior cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners

2

in those cases, Garcia's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Garcia has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Garcia before an immigration judge for a bond hearing or release him within ten days. The respondents note that the Executive Office for Immigration Review is the agency that conducts and manages bond hearings. To be clear, it is the Court's ruling that subjecting Garcia to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Garcia receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Rene Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within ten days of this Order, the respondents shall either (1) bring Garcia for an individualized bond hearing before an immigration judge or (2) release Garcia under reasonable conditions of supervision. If the respondents release Garcia, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1